UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRANDON PICHARDO JUAREZ, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, MIAMI CORRECTIONAL FACILITY, <br><br> Respondent. | CAUSE NO. 3:26cv42 DRL-SJF |

OPINION AND ORDER

Immigration detainee Brandon Pichardo Juarez, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is being unlawfully detained in violation of the laws or Constitution of the United States. For the following reasons, the court grants the petition.

Mr. Pichardo Juarez is citizen of Mexico. The parties agree that he entered the United States without inspection in 2004. He asserts (without contradiction from the Warden) that he was five years old when he arrived in the United States, and that he was previously granted relief under the Deferred Action for Childhood Arrivals (DACA) by the United States Citizenship and Immigration Services (USCIS).[1] He was arrested on December 5, 2025

---

[1] DACA is a "program for conferring affirmative immigration relief" for individuals who arrived in the United States as a child, including the ability to work and eligibility for Social Security benefits. *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 10 (2020). Approval of deferred action status means that for "humanitarian reasons," no action will be taken to remove the recipient from the United States, even though he or she is otherwise removable. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 484 (1999) Deferred action is granted for a two-year period, which is subject to renewal. *Dep't of Homeland Sec.*, 591 U.S at 10. Mr. Pichardo Juarez says his most recent grant of relief expired in 2016.

by United States Immigration and Customs Enforcement (ICE) agents in Hillside, Illinois. He was subsequently transferred to Miami Correctional Facility, where he is being held pending removal proceedings. He argues that his detention violates applicable statutes and the Fifth Amendment's Due Process Clause. He seeks immediate release from custody or alternatively an individualized bond hearing.

In an order to show cause, the court directed the Warden to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25cv898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined a large majority of courts in concluding that 8 U.S.C. § 1225(b)(2) does not apply to noncitizens who are not otherwise "seeking admission" within the statute's meaning. The parties were permitted to preserve prior arguments about jurisdiction and statutory construction, though these issues had been decided before. They were instructed to focus briefing on what was different or new and those issues particular to this petitioner. The Warden answered the petition, and the deadline has expired for a reply.

The Warden (through his federal counsel) repeats his arguments from *Aguilar* and other recent cases that the court lacks jurisdiction over the petition and that Mr. Pichardo Juarez's detention is authorized by § 1225(b)(2). These arguments were rejected in *Aguliar* and *Singh* (and other decisions). *See Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.); *see also Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.). The court continues to be of the view that jurisdiction is secure insofar as this opinion goes, and that § 1225(b)(2) cannot reasonably be interpreted in the manner urged by the government.

Notably, the court of appeals recently held in deciding a motion for a stay pending appeal that the government was not likely to succeed on the merits of its argument that the mandatory detention provision contained in § 1225(b)(2) applies to individuals who are arrested in the interior of the United States. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). Though preliminary, that opinion offers early echoes of what this court has done. The court also read the split decision in *Buenrostro-Mendez v. Bondi*, 2026 WL 323330 (5th Cir. Feb. 6, 2026). This opinion, together with others, illustrates just how complicated this patchwork of statutes is, but the court remains persuaded in its current course under *Aguilar* and *Singh* until guidance comes from this circuit.

That leads the court to 8 U.S.C. § 1226(a), the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). The court, as it always does, begins with the statute's plain language. It is permissive, not mandatory, and it affords an election (insofar as the limitations in § 1226(c) do not apply of course).

It seems no warrant was issued here. Mr. Pichardo Juarez is unaware of an arrest warrant. He claims he was arrested during a traffic stop conducted by ICE. The respondent usually will tell the court when there has been a warrant, but here the Warden does not

3

argue there was one and does not produce one.[2] Mr. Pichardo Juarez received a notice to appear in immigration court, but that differs from an administrative arrest warrant. *Compare* 8 C.F.R. § 236.1(b)(1) (describing arrest warrant as a "Form I-200, Warrant of Arrest"), *with* 8 U.S.C. § 1229(a) (describing contents of "notice to appear"). By now, the government is well aware of the court's position, and its denial of these petitions if a warrant in fact existed (save for a custody redetermination), so if there was one the court would expect the Warden would be informed and would say it.

Warrantless arrests are permitted by statute only when certain conditions are met, such as when an ICE official personally witnesses a noncitizen attempting to enter the United States, or when an official has reason to believe a noncitizen has no right to be in the United States and is "likely to escape before a warrant can be obtained." 8 U.S.C. § 1357(a)(2). The Warden does not argue these preconditions exist so as to authorize Mr. Pichardo Juarez's detention. The Warden relies only on § 1225(b)(2). It would be inappropriate for the court, as a neutral arbiter, to construct different arguments for the parties. *See Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (party presentation rule).

Mr. Pichardo Juarez has met his burden of showing a "deprivation of rights leading to unlawful detention." *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009). Without being dismissive of any worthy goals that might be achieved through the concerted enforcement

---

[2] The Warden submits no immigration records pertaining to Mr. Pichardo Juarez with the response, only documentation related to the petitioner in *Aguilar*. Mr. Pichardo Juarez has the burden to show his entitlement to habeas relief, though the court may order a respondent, and occasionally does order a respondent in the world of habeas corpus, to produce necessary portions of the record to enable the court to understand facts and to rule on the petition's issues, without ever shifting that burden. *See, e.g., Martinez v. Hyde*, 792 F. Supp.3d 211, 223 (D. Mass. 2025).

4

of our immigration laws, both noncitizens and the government alike must comply with the laws as they are written and as they must work within constitutional demands. Whether the government might secure a warrant and rearrest him at or after his release and thus proceed under § 1226(a), that has not occurred today. That leaves the court with only one option—Mr. Pichardo Juarez must be released until his removal status changes or until the government pursues another option.[3]

For these reasons, the court:

(1) GRANTS the petition for a writ of habeas corpus [1] and ORDERS the Warden to release Brandon Pichardo Juarez immediately from custody and to certify compliance with this order by filing a notice with the court by **February 26, 2026**;

(2) DIRECTS the clerk to email forthwith today a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure Brandon Pichardo Juarez's release; and

(3) ORDERS that any fee petition should be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED.

February 25, 2026                             *s/ Damon R. Leichty*
                                              Judge, United States District Court

---

[3] Because the court concludes that Mr. Pichardo Juarez's detention is unlawful under the applicable statutory scheme, the court does not reach his alternate argument under Fifth Amendment due process. *See K.C. v. Individual Members of Med. Licensing Bd. of Ind.*, 121 F.4th 604, 631 (7th Cir. 2024) ("Courts should avoid resolving cases on constitutional grounds when they can be fairly resolved on statutory grounds.").